UNITED STATES SUGAR COMPANY, A CORPORATLON UNDER THE LAWS OF THE DISTRICT OF COLUMBIA, *Appellant*, v. JOHN W. HENDERSON AND OTHERS, *Appellees.*

An original bill was filed to have the grantees in a deed made four years theretofore, declared to hold as trustees for the complainant, based upon a contract alleged to have been made with their ancestor, the consideration for which had not been paid, and the enforcement of which by the defendants had been barred by the statute of limitations, neither complainant nor its predecessors had at any time the financial ability to perform, and there was no offer to perform; pending the suit the lands which had been a doubtful speculation and a considerable expense, suddenly increased enormously in value; an amended offer by the complainant to take the lands, and to perform the contract alleged to have been made twenty years before, if given further time by the court, should be refused.

Appealed from the Circuit Court for Leon County.

The facts in the case are stated in the opinion of the court.

*F. T. Myers* and *J. M. Barrs*, for Appellants;

*W. S. Jennings, W. H. Ellis, T. L. Clarke*, for Appellees.

COCKRELL, J.—The original bill in this case, filed December 31, 1908, seeks to have the heirs of John A. Hen-

derson decreed to hold the title to a large tract of lands in the Everglades, in trust for the United States Sugar Company, and is based upon an alleged transfer by the said Henderson of a certificate dated November 16, 1897, by L. B. Wombwell, Commissioner of Agriculture, and a trustee of the Internal Improvement Fund, to the effect that the said trustees had sold the said lands then unpatented to the said Henderson and had by unanimous resolution ordered that upon the return of the certificate prop erly endorsed they would as soon as the lands were pat-' ented, convey to lands to the said Henderson or his assigns. Upon a demurrer being interposed to the bill, it was amended in its allegations, setting up by way of consideration, for the said transfer an agreement dated July 15, 1890, under seal, whereby Henderson agreed to sell for a stipulated sum the lands he was to receive from the Internal Improvement Fund, the payments to be made in one, six, twelve and eighteen months thereafter, and also a statement dated November 29, 1897, as follows:

"Philadelphia, Nov. 29, 1897.

Review of John A. Henderson deeds and land certificates from the State of Florida for lands as follows:

| | | |
|---|---|---|
| Deed No. 14442, | May 25, 92 ......... | 4,082.87 acres |
| Deed No. 14660, | June 13, 92 ......... | 869.10 acres |
| Deed No. 14616, | March 25, 92 ......... | 1,020.00 acres |
| Land Certificate, | Nov. 16, 97 ......... | 98,276.83 acres |

104,248.80 acres

104,248.80 acres at 45c ............... $46,911.96

Paid on a-c. of same.

| | | |
|---|---|---|
| Cash | ........$6,000.00 | |
| Cash | ........ 5,000.00 | 11,000.00 |

Balance due....$35,911.96

Due Jno. A. Henderson on demand the sum of thirty-five thousand nine hundred and eleven and 96-100 dollars on account of purchase and delivery of conveyances for land as above.    Value received.

$35,911.96.                          (Signed)    J. J. Dunne,
                                     (Signed)    J. M. Kreamer."

As a matter of equity, but not as a legal duty, the complainant, as successor to Dunne and Kreamer, offers to pay the balance so acknowledged to be due with interest, within such reasonable time as the court may name, as also the taxes lawfully and properly assessed against the land that have been paid by the Henderson heirs.

Colonel Henderson died on the 9th day of August, 1904, and in December of the same year the Trustees of the Internal Improvement Fund deeded the lands to his heirs, John W. Henderson, Jennie H. Murphree and Flora A. Waldo.

We think it clear from the record that any rights Dunne and Kreamer may have had should no longer be enforced. It does not appear that the statement of November 29, 1897, was ever received by Col. Henderson and no steps were taken by him to enforce the due bill, against which the statute of limitations has run.    The heirs were in ignorance of the supposed contract, except in a vague way, but were willing to make good any obligation of their father and urged upon Mr. Dunne that if he had any such contract, he perform upon his part with some degree of promptness.    This he was utterly unable to do.    The lands were a source of large expense and of doubtful value as a speculation for four years or more, after the full legal title was acquired; and when the original bill was filed they were not of sufficient value to warrant an offer to pay the balance admitted to be due upon the contract of 1890, but between the dates of the filing of the original

bill and of the amended bill, the lands had enhanced enormously in value, making them supposedly worth much more than this sum.

It is apparent that Mr. Dunne and his associates were utterly unable to finance so large a transaction from indendent sources and first attempted to get the lands for practically nothing, out of a mistaken notion that they had gotten a full equitable title by the endorsement of the certificate, for which admittedly they had not paid the consideration, and it was only after fortuitous circumstances, with which they had no connection, made it pay to offer to do equity, was the belated offer made. The complainant's actions through itself or its predecessors are not such as to commend it to a forum of conscience and the decree dismissing its bill is affirmed.

WHITFIELD, C. J., and TAYLOR, SHACKLEFORD and HOCK- 58, J. J., concur.