JOHN H. ELDER and MORTGAGE SECURITIES CORPORATION, a Corporation, *Appellants,* v. ESTATE OF R. S. HALL, INC., a Corporation, *Appellee.*

Division B.

Opinion filed November 20, 1929.

*Giles J. Patterson,* for Appellants;

*Hampton & Greene,* for Appellee.

BUFORD, J.—In this case the notice of entry of appeal was filed and forthwith recorded on the 23rd day of February, 1928, from ''that certain final decree of the court made and entered in this cause on the 25th day of July, A. D. 1927, in Court Order Book 48, page 182, and from that certain order of the court made and entered in this cause on the 16th day of January, A. D. 1928, entering a deficiency decree against the defendants.''

It will be observed that the entry of appeal was more than six months after the date of the entry of the final decree and, therefore, the pretended appeal did not bring the final decree to this Court for review. There being no effective appeal from the final decree, there was no right to assign errors on interlocutory orders made prior to the final decree and which had become merged into the final decree. See Hodges v. Moore, 46 Fla. 598, 35 So. R. 13; Reid v. Comer, 86 Fla. 390, 98 So. R. 329.

Where a final decree has been rendered in a cause as in this case (a mortgage foreclosure) and no appeal was taken therefrom within six months from the date of the entry of such final decree an appeal from orders rendered subsequently to the final decree does not bring that decree before the Court for review. Judson Lumber Co. v. Patterson, 68 Fla. 100, 66 So. R. 727; Ocean Frontage Co. v. McFadden, opinion filed July 18, 1929, and reported 123 So. R. 666.

The only assignment of error which is left for the con-

sideration of this Court is that based upon the action of the chancellor in rendering a deficiency decree. In Exchange National Bank of Tampa v. Clark-Ray-Johnson Co., 95 Fla. 730, 116 So. R. 648, this Court say:

"The rendering of a deficiency decree in a mortgage foreclosure is within the discretion of the chancellor when no abuse of discretion is shown."

In this case it appears that the chancellor was guilty of no abuse of discretion in entering the deficiency decree.

The decree appealed from should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.