C. H. Childs *et al.* v. Edmund W. Boots

152 So. 212.

Division A.

Opinion Filed October 9, 1933.

Rehearing Denied December 5, 1933.

Spear, Viney & Skelton, Cromwell Gibbons and Adrian Shields for Appellants;

VanFleet, Collins & Miller for Appellee.

Davis, C. J.—On December 19, 1930, the appellants herein entered their appeal, specifying as the subjects to be appealed from, the following: Order dated November 20, 1928, overruling demurrer; (2) final decree dated August 8, 1929; (3) final decree dated February 8, 1930; (4) final decree dated July 2, 1930; (5) order dismissing affidavit to stay execution, dated October 17, 1930; (6) order denying motion for a new trial of said dismissal, dated December 18, 1930.

The entry of appeal was obviously filed on the theory that the decree of July 2, 1930, constitutes the only valid final decree in the cause and that the other orders and decrees specified are either erroneous or void. The appeal was made returnable here on March 10, 1931.

Our conclusion is that the final decree in the cause was the decree of August 8, 1929. That decree was as follows:

"This case having been heretofore heard upon the bill of complaint, and all other pleadings herein, together with the exhibits filed therewith, and the testimony taken and introduced before the court and filed herein, and upon argument of counsel for the respective parties hereto, upon consideration of all of which, it is *ordered* that the demurrers of the defendants to the bill of complaint be and the same are hereby overruled.

"It is further *adjudged, ordered and decreed* that the equities of the case are with the complainant and that complainant is entitled to the relief for which he prays; that the testimony and exhibits therewith all in the nature of an accounting show that there is due and owing from defendants and each of them to complainant the sum of $11,455.79, subject to a credit of $655.00 allowed defendants as fees for services to complainant, leaving a balance of $10,800.79 due complainant from defendants, together with interest on the various sums retained by defendants from complainant amounting to $2,604.55 from the dates of retention of the various items respectively to August 2nd, 1929, making a total of $13,405.34 due from defendants and each of them to complainant; it is, therefore, *adjudged, ordered and decreed* that the complainant have and recover of and from defendants and each of them the sum of $13,405.34 together with interest thereon at eight per cent (8%) from date hereof until paid, also complainant's costs herein amounting to $164.00, making a total of $13,569.34, for which let execution issue.

"Done and Ordered at Chambers in St. Petersburg, this eighth day of August, 1929.

"T. Frank Hobson, *Circuit Judge*."

Assuming that the decree in question was erroneously arrived at, or that it is otherwise erroneous but not absolutely void, all subsequent proceedings on defendants' petition for rehearing filed December 9, 1929, more than thirty days after the decree of August 8, 1929, was entered and recorded, are unauthorized and beyond the jurisdiction of the Court, because had after the final decree had completely passed beyond the jurisdiction of the Chancellor to alter or modify, except by way of correction of some clerical error or misprison in the form of entering it.

The case of Grace v. Hendricks, 103 Fla. 1158, 140 Sou. Rep. 790, which is strongly relied on by appellants in this case, we do not regard as in point or controlling with reference to the proposition here involved, unless it can be said that the final decree purporting to have been entered by the Court on August 8, 1929, is not only erroneous, but absolutely void.

But that decree is not void. It adjudicated the demurrers to the bill and overruled them; it considered the pleadings and evidence and affirmatively found the equities thereof to be with complainants. It was more than a mere money decree because it adjudicated the equities and then only after adjudicating both the right to equitable relief on the pleadings and the efficacy of the proof to warrant the relief sought, it undertook to make that relief effective by means of decreeing a money judgment for $10,800.79 against the defendants on the basis of an accounting made by the court itself on the testimony and exhibits appearing in the record. Such a decree, though it might have been grossly erroneous (a point we do not decide but simply suggest *arguendo*) was not absolutely void. Malone v. Meres, 91 Fla. 709, 109 Sou. Rep. 677.

A judgment or decree that is voidable only, because irregular or erroneous, must be moved against in time by motion to vacate, or by petition for a rehearing (in chancery cases), or by resort to an appellate tribunal, otherwise it becomes an absolute verity and passes beyond the control of the courts to disturb. Malone v. Meres, *supra*, first headnote.

But a Court may have jurisdiction of the parties and of the subject matter of a cause, and still be without jurisdiction to enter in such cause a particular kind of decree which

would be wholly authorized. This rule is conceded on the authority of Grace v. Hendricks, *supra*.

But on a bill for an accounting in equity, which bill the court has adjudged sufficient to present an equitable controversy, because it has overruled a demurrer filed thereto, the court does have authority as a matter of judicial power, as distinguished from propriety of judicial procedure, to determine what is due from one party to the other under the allegations of the bill and the proofs, and to enter in the cause a money decree for such amount, against the party against whom the balance on account is found by the Chancellor to stand.

A reference to a master in a case like this, for an accounting to be taken before such master is, no doubt, the approved procedure and one generally commended as the proper course of procedure to be followed. But there is no rule absolutely requiring the reference to a master. May and Pasco, Executors, v. May, 19 Fla. 373. Even if there were such a requirement as a rule of procedure, a violation of such rule might constitute reversible error, but would not necessarily render the final decree in the case void, merely because of the violation of such rule in the course of deciding the issues of law and fact involved.

Where the final decree has been rendered in a cause, and no appeal therefrom was taken from the date of the entry of such final decree, an appeal from orders rendered subsequently to the final decree does not bring up the final decree before this Court for review. Elder v. Estate of R. S. Hall, Inc., 98 Fla. 954, 124 Sou. Rep. 466; Judson Lumber Co. v. Patterson, 68 Fla. 100, 66 Sou. Rep. 727.

For the reasons just stated, the appeal from the final decree of August 8, 1929, is ineffective because not taken within six months from that decree. The appeal which is

attempted to be taken from the orders entered subsequent to the final decree does not bring up for review the final decree of August 8, 1929, under the cases last cited.

The proper procedure under the circumstances is to dismiss the whole appeal purporting to have been taken from a final decree entered more than six months prior to the entry of appeal, as well as to those certain specified subsequent orders which were entered within the time for taking the appeal from such subsequent orders separately considered.

An appeal in equity, taken from several orders or decrees specified in a single recorded entry of appeal, some of the orders specified therein being applicable, and some of them not, because the time for taking an appeal from some of those specified in the entry of appeal had expired when the appeal was entered and recorded, should be dismissed by the appellate court as an entirety.

Appeal dismissed.

WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.

BROWN, J. (concurring)—I do not think the decision in this case is in conflict with Sawyer v. Gustason, 96 Fla. 6, 118 So. 57, to which attention is called in the briefs. Here we are dealing with a different situation, as will be found upon a careful reading of the cited case.