HELEN D. PERKY v. R. C. PERKY, LEILA E. PERKY and FIRST NATIONAL BANK OF MIAMI

156 So. 308.
Opinion Filed August 6, 1934.

118

*James M. Carson* and *Willard & Dressler,* for Appellant;
*Loftin, Stokes & Calkins* and *Frank Smathers,* for Appellees.

ON MOTION TO DISMISS APPEAL

DAVIS, C. J.—On April 26, 1934, a single entry of appeal was recorded on behalf of appellant. The appeal embraced (1) An order entered September 26, 1933, quashing the attempted service of process on Leila E. Perky; (2) An order sustaining the motion of the defendants below, R. C. Perky and First National Bank of Miami, to dismiss the bill of complaint. This order was dated November 1, 1933. (3) A final decree dismissing the bill of complaint on motions of the defendants, R. C. Perky and First National Bank of Miami. This final decree was entered November 7, 1933.

Since the order of September 26, 1933, quashed the service upon Leila E. Perky, the effect of that order was to completely eliminate that defendant from the case prior to the entry of a final decree in same. That order being dated September 26, 1933, was more than six months old when this appeal was entered, so no jurisdiction to entertain the appeal as to that order is conferred on this Court by the appeal entered April 26, 1934. See Section 4960 C. G. L., 3168 R. G. S.

The final decree of November 7, 1933, opens for consideration all interlocutory orders connected with the final decree that might have been separately appealed from be-

fore final decree. Neubert v. Massman, 37 Fla. 91, 19 Sou. Rep. 625; Garvin v. Watkins, 29 Fla. 151, 10 Sou. Rep. 818. But the order of September 26, 1933, being an order quashing service on one of the defendants, Leila E. Perky, prior to the rendition of any final decree, is not connected with the final decree, nor is it before this court on appeal from the final decree which can not open that order for consideration in any event.

The considerations justifying the holding in Childs v. Boots, 112 Fla. 277, 152 Sou. Rep. 212, to the effect that where an appeal in equity is taken from several orders or decrees specified in a single entry, and the time has expired for appealing from the final decree, the appeal will be dismissed as entirety, do not apply to an appeal primarily taken in due time from the final decree in the cause, which appeal also embraces several preliminary interlocutory orders, even though the time for appealing from one of the interlocutory orders has expired. The reason for this is that the appeal from a final decree taken within the proper time, opens up for consideration at all events all preliminary interlocutory orders connected with, and leading up to, the final decree appealed from. So the mention in the recorded entry of appeal taken within the time allowed by law for appealing from a final decree, of preliminary interlocutory orders also intended to be specifically appealed from at the same time cannot affect the propriety, nor upset the validity of, the appeal from the final decree so lawfully entered.

The motion to dismiss the appeal as to the order of September 26, 1933, is granted on the ground that it was entered more than six months from the date of filing and recordation of the entry of appeal, and is from an order that is not connected with, nor controlled by, the appeal from the final decree inasmuch as it simply eliminated Leila E. Perky as a party to the cause prior to final decree. In all

other particulars the motion to dismiss the appeal is denied.

If Leila E. Perky, who was eliminated in the court below, is an indispensable party to the suit, her absence at the time of the final decree, may render the final decree subject to reversal for that reason, but it does not justify a dismissal of the appeal as to parties who were parties to the final decree appealed from, at the time such final decree was rendered. Florida Land Rock Phosphate Co. v. Anderson, 50 Fla. 501, 39 Sou. Rep. 392.

Motion to dismiss the appeal granted in part and denied in part.

WHITFIELD, TERRELL and BUFORD, J. J., concur.