PER CURIAM.
The chancellor, by his decree, refused to require specific performance sought by the appellant of the contract entered into with appellees for the sale of certain lands, and further decreed that appellees return the deposit money to the appellant. The appellant appeals, contending that specific performance should have been granted, and appellees join in the appeal contending that the deposit money should be forfeited.
The case was tried before the chancellor and the witnesses personally appeared and testified before him. Thereupon, the chancellor made the following findings upon which he based his refusal to decree specific performance:
“B. Plaintiff, as purchaser, seeks specific performance of a land sales contract with the Defendants, as sellers. Plaintiff was not diligent in attempting to assert his rights under the contract, and his delay of approximately one year between the prescribed time for closing and his demand upon Defendants is unreasonable and fatal in view of the fact that during that time the land increased substantially in value, and Defendants made certain improvements upon the premises in the understandable belief that Plaintiff had abandoned the contract. Hathcock v. Société Anonyme La Floridienne, 54 Fla. 631, 45 So. 481. It appears without real question that Plaintiff entered into the contract purely as a speculative venture, based partially upon rumors of a World’s Fair site in the vicinity, and that he had no expectation of closing in the event the land did not increase in price in the period of about four months just prior to the closing date in May, 1954. Plaintiff cannot invoke equitable process and enjoy the expected but delayed price increase when he was not otherwise willing to accept the fruit of his bargain. United States Sugar Co. v. Henderson, 63 Fla. 692, 59 So. 137; 11 A.L.R.2d 413, 421.
“C. While there is a conflict in the testimony, it appears that the broker, Victor H. Semet, was the agent of *729 Plaintiff and not the Defendants. It was through the broker’s offices that time was made of the essence and specifically when he contacted the Defendants on behalf of Plaintiff just prior to the assigned closing date and requested and received a definite extension of time of two weeks for closing. Defendants had no further word from Plaintiff until immediately prior to the institution of this suit. Defendants honored the contract until about May IS, 1954, and afterwards proceeded on the assumption that Plaintiff had defaulted.
“D. While there were concurrent obligations to be performed by the parties according to contract, Plaintiff failed to make a sufficient or timely tender of performance as .would entitle him to maintain this action for specific performance and such omission was not excused or waived by Defendants. Shouse v. Doane, [39 Fla. 95] 21 So. 807.
“E. A review of the whole testimony and specifically that concerning Plaintiff’s conduct leads to the inescapable conclusion that the equities of the cause are with the Defendants and against the Plaintiff, and such is the opinion of this Court.”
Appellant strongly urges that the court erred in admitting that part of the testimony of the appellee Bland relating to certain conversations with Semet, the broker, insisting that such testimony was purely hearsay testimony and further was relied on by the court as a basis for his finding that Semet was the agent of the appellant. Even if this testimony is disregarded, the evidence otherwise is adequate to support the ultimate decision of the chancellor declining specific performance and therefore we cannot say under the circumstances that prejudicial error was committed. It is not necessary to consider the other phases presented by appellant.
It is a firmly established principle in the jurisprudence of Florida that “specific performance of a contract for the sale or lease of land is not a matter of right in either party, but a matter of sound discretion in the court, controlled by settled principles of law and equity applicable to the particular facts, and the discretion of the chancellor in refusing specific performance of a contract for the sale or lease of real estate will not be disturbed on appeal unless clearly erroneous.” Topper v. Alcazar Operating Co., 1948, 160 Fla. 421, 35 So.2d 392, 394.
In the light of the record, the chancellor did not commit error in determining that the deposit money should be returned.
We conclude that the decree should not be disturbed.
Affirmed.
KANNER, C. J., ALLEN, J., and SMITH, CULVER, Associate Judge, concur.