HORTON, Judge.
This appeal is from a final decree dated September 12, 1957, rendered upon issues arising under a cross-bill filed on behalf of the appellant and an answer thereto by the appellee, Daniel Sepler, as Trustee. A prior final decree, rendered March 19, 1957, was upon issues made by a bill of complaint filed by appellee, Van Straaten, the answers of the appellant and appellee-Sep-ler, and decrees pro confesso against the remaining appellees. No appeal was taken from the final decree of March 19, 1957.
The appellant has made eight assignments of error under which it has raised two points directed to the alleged error of the court in entering the decree of September 12, 1957. These points are as follows:
(1) “The Chancellor had no jurisdiction to entertain plaintiff’s complaint since the statutory conditions precedent had not been met.
(2) “There was no consideration for the mortgage and note given to Sepler, as Trustee, by E. J. Smith Company, and in the absence of consideration the note and mortgage should have been cancelled.”
We conclude from a review of the record, and considering especially that this appeal was directed to the final decree of September 12, 1957, that the appellant’s first question is improper and should not be considered. No appeal was taken from the final decree of March 19, 1957, and therefore, the sufficiency of the complaint and the relief afforded by that decree are no longer open to review. See Perky v. Perky, 116 Fla. 117, 156 So. 308; Hollywood, Inc., v. Clark, 153 Fla. 501, 15 So.2d 175; and 2 Fla.Jur. § 305.
As to' the second question raised by tire appellant, the cross-bill sought cancellation of a note and mortgage executed by the appellant to Daniel Sepler, as Trustee, in the sum of $56,250.
*228 The facts which led up to the transaction resulting in the final decree appealed are these: On April 27, 1950, Helen Mel-let, the owner of the real property, executed a 99-year lease to the appellee, La Rue Restaurant Co., Inc. On May 29, 1952, there was executed a chattel mortgage, encumbering the personal property of the restaurant, as well as the interest in the Mellet lease of April 27, 1950, which mortgage was subsequently assigned to W. L. Gray, Jr., and A. M. Franklin, as Trustees. Suit was instituted on July 31, 1953, by Gray and Franklin, as Trustees, to foreclose this mortgage and the cause went to final decree on November 6, 1953. On September 1, 1953, Helen Mellet instituted a suit against the appellee-corporations in the Circuit Court for Dade County for cancellation of the 99-year lease executed on April 27, 1950. Apparently during the course of the suit instituted by Helen Mel-let to cancel the lease, Gray and Franklin, as Trustees, holders of the chattel mortgage on which suit had previously been instituted, had been made parties defendant in the Mellet suit. Lawrence S. Leven-son, as Trustee for the appellant, was subsequently, by order of the court in the Mel-let suit, substituted as party defendant in the place and stead of Gray and Franklin as Trustees. It should be noted that Lawrence S. Levenson, as Trustee for the appellant, had by purchase from Gray and Franklin as Trustees taken an assignment of the final decree of November 6, 1953 in the chattel mortgage foreclosure suit. With Levenson substituted as a party defendant in the Mellet suit, that cause proceeded to final decree on December 7, 1953, resulting in a cancellation of the lease.
On October 26, 1953, an escrow letter from the appellee, Daniel Sepler, to attorneys Marchant and Perkins (ostensibly representing Helen Mellet) disclosed the existence of a 99-year lease executed by Helen Mellet to McAboy Properties, Inc., of the property known as “La Rue’s Restaurant”. On December 8, 1953, Helen Mel-let entered into a 99-year lease for the La Rue Restaurant property with the appellant and following this, on December 31, 1953, the appellant executed a mortgage note and deed to Daniel Sepler as Trustee for $56,250, which encumbered the interest of the appellant in the 99-year lease of December 8, 1953, as well as the furniture, fixtures, etc., of the restaurant. This is the mortgage and note which the appellant sought to have cancelled by cross-bill, resulting in a decree adverse to it which is now under appeal.
The appellant’s principal contention under its second question and in the cross-bill was that there was no consideration for the execution and delivery of the mortgage and note to appellee-Sepler as Trustee. This contention is grounded on the fact that at the time of the execution of the mortgage and note, appellee-Sepler had nothing to sell to the appellant. The appellant argues that at that time (execution of the mortgage and note) it was the owner, by virtue of purchase at the chattel mortgage foreclosure sale, of all the right, title and interest of the La Rue corporations in and to the Mellet lease of April 27, 1950, as well as the personal property covered by said mortgage, and that therefore the consideration that the appellee-Sepler contends for did not exist. We conclude that the arguments and contentions of the appellant are without merit.
Obviously, the appellant did not obtain by purchase at foreclosure sale any interest in the lease of April 27, 1950, for the reason that said lease was subsequently cancelled by a chancery action instituted for that purpose by the lessor, Helen Mel-let, in which suit the assignees of the chattel mortgage and final decree of foreclosure were made parties defendant. Therefore any interest in the lease of April 27, 1950 that appellant might have obtained by the chattel mortgage foreclosure was extinguished in the Mellet suit. The appellant had the burden of proving by a preponderance of evidence that the mortgage and note were given without consideration. The mortgage and note were under seal *229 and thereupon arises a presumption of consideration. Bennett v. Senn, 106 Fla. 446, 144 So. 840. The trial judge obviously found by the entry of the final decree that the appellant had failed to carry the burden of proof and accordingly sustained the validity of the mortgage and note. We have reviewed the evidence in this regard and fail to find wherein the chancellor was in error.
Accordingly, the decree appealed from should be and it is hereby affirmed.
CARROLL, CHAS., C. J., and PEARSON, J., concur.