PER CURIAM.
The appellant suffered an injury which was covered by workmen’s compensation. The appellee is the employer. This appeal is from an order of the circuit court discharging a rule nisi which had directed the appellee to show cause why a workmen’s compensation order directing the appellee to pay an award to the appellant should not be enforced.
Prior to the appellant’s filing of his petition for the rule, the employer had been required by a circuit court order of attachment in a divorce action against the appellant to pay the appellant’s award into the court registry. Both the appellant and the appellee filed motions to set aside the order of attachment. The court filed an order in which it (a) denied the motions but (b) adjudged that payment of the award into the court registry would relieve the appel-lee of its obligation under the workmen’s compensation order and would be equivalent to payment of the award to the appellant. Thereafter the appellee complied with the order of attachment and paid the required sum into the circuit court registry.
The appellant argues that the order discharging the rule nisi is erroneous because the order of attachment was unlawful. This argument is not well taken because the circuit court order, which has not been reversed, specifically declared that the appellee by making payment into the court registry relieved its obligation under the workmen’s compensation order of the industrial commission. The appellant may not question the validity of the order of attachment in this new proceeding. See Malone v. Meres, 91 Fla. 709, 109 So. 677 (1926); Childs v. Boots, 112 Fla. 277, 152 So. 212 (1933); Harvey v. City of St. Petersburg, 138 Fla. 597, 189 So. 861 (1939).
Affirmed.