ERVIN, Justice
(dissenting):
I must dissent. The decision of the District Court of Appeal, Fourth District, is not in conflict with Chabot v. Winter Park Co., 1894, 34 Fla. 258, 15 So. 756; Daubmyre v. Hunter, 1923, 86 Fla. 326, 98 So. 69; Orlando Realty Board Building Corp. v. Hilpert, 1927, 98 Fla. 954, 113 So. 100; Greenfield v. Bland, Fla.App.1958, 99 So.2d 727, as is hereinafter indicated. This Court, therefore, does not have jurisdiction to consider this case under Article V, Section 4 (2) of the Florida Constitution. The writ of certiorari previously issued should be discharged as improvidently granted.
This action arose out of a real property transaction. According to the contract for sale of the realty, the purchase price was to be $280,000 of which a $10,000 deposit was to be paid when the contract was signed; $60,000 in cash was to be paid at closing, and the remaining $210,000 plus interest was to be paid semiannually over a five-year period. The contract provided :
“The property hereinabove described shall be conveyed by warranty deed free from all liens and encumbrances except those agreed hereby to be assumed .
* * * * * *
“If the Sellers’ title is not marketable or insurable and cannot be made so within a reasonable time after delivery by the Purchasers of the written notice specifying the defects, then, at the option of the Purchasers, the escrow money deposit herein provided shall be returned to the Purchasers on demand and both parties shall be relieved from all obligations hereunder or the defects may be waived and the title taken in its existing condition.”
The contract further provided that “the date of closing shall be extended for such reasonable period of time as may be necessary to cure any defects in the title
After the contract was signed, the purchasers, Respondents, discovered the property was encumbered by an outstanding first mortgage to Home Federal Savings and Loan Association of Hollywood, Florida, having a principal balance of $150,000. As permitted under the contract, Respondents elected to clear the title and purchase the property. When the seller, Petitioner, indicated it was not willing to continue with the transaction, the purchasers filed a complaint seeking to have the contract specifically enforced against the seller. The trial court found for the purchasers, .and the final judgment, signed July 14, 1969:
“ORDERED AND ADJUDGED that within thirty (30) days from this date, Plaintiffs deposit, or cause to be deposited, in the registry of this Court, as the purchase price of the real estate described in the Complaint, $60,000.00 plus interest thereon at the rate of 6 per cent per annum from the date of the institution of this suit to the date of such deposit, together with the purchase money note and mortgage described in such contract, bearing date of the institution of this suit and payable and with interest according to the terms of such contract; provided, that if Defendant has not then removed those encumbrances which Plaintiffs do not assume in and by such contract, the amount of such note and mortgage shall be reduced by the sum of such encumbrances.”
After the purchasers tendered into the court’s registry $84,073.71 and a primissory note and purchase money mortgage in the amount of $210,000, the trial court, on September 8, 1969, entered an Order on Motion to Amend Judgment which provided in part:
“Within seven (7) days from the date hereof Plaintiffs shall direct the Clerk of this Court to disburse to the Defendant from the funds aforesaid the total amount of the cash payment called for on the day of closing by the contract in question, plus interest thereon at 6 per cent per annum from the date of the institution of this suit to the date of such disbursement. At the same time Plaintiffs shall place in the hands of the Clerk *558 a promissory note and a purchase money mortgage for delivery to the Defendant. Such note and mortgage shall be dated as of the date of the institution of this suit and shall be payable at the times and in the amounts with interest fixed by said contract commencing on such date of the institution of this suit; provided, however, there shall be credited on the amount of said note and mortgage all sums which Plaintiffs are required to pay in discharge of the first mortgage now encumbering the property, commencing with the first payment maturing under the terms of Defendant’s note and purchase money mortgage and continuing with each installment thereafter until the total sum paid by Plaintiffs on account of the first mortgage now encumbering the property has been credited on such installments.” (Emphasis supplied.)
When the purchasers did not discharge the Home Federal mortgage within seven days of the entry of the Order on Motion to Amend Judgment, the trial court on September 22, 1969 dismissed the action. On appeal, the District Court of Appeal, Fourth District, reversed. That court found:
“The problem arose because of a difference of view as to the proper interpretation to be placed on the . . . [emphasized language in the] amended judgment. [Quoted above.] The plaintiffs took the position that such amended judgment did not require them to pay the mortgage held by Home Federal, but merely permitted them to do so at their option in which event they would receive credit on the purchase money note and mortgage in the manner specified in the court’s order. Consequently, the vendees paid no part of the $150,000 due on the outstanding mortgage, and having already theretofore delivered to the clerk a note and mortgage for $210,000 as required by the contract and the original judgment, they deemed themselves in compliance with the amended judgment when they authorized the clerk to disburse the cash deposit to the vendor. When the time limit for performance had expired, the vendor moved for an order dismissing the suit on the grounds that the vendees had not satisfied the $150,000 mortgage as required by the amended final judgment. At hearing on this motion the court recognized that while the amended judgment did not expressly order the vendees to satisfy the $150,000 mortgage, it determined that the vendees should have understood the necessity of doing so since the vendor had announced prior to the amended judgment being entered that it either could not or would not satisfy such mortgage. The court found the vendees to be in noncompliance with the intent of the amended judgment and notwithstanding the vendees’ offer to pay the Home Federal mortgage in full instanter in order to comply with the court’s interpretation of the requirements of the amended judgment, the court dismissed the suit and taxed costs against the plaintiffs.
“The final judgment in this case determined that the plaintiffs were entitled to have the contract specifically enforced against the defendant. The contract required the defendant to convey the property free of the encumbrance of the Home Federal mortgage. The amended final judgment did not expressly direct the plaintiffs to satisfy such mortgage as a condition precedent to obtaining a conveyance of the property, although it is clear that as a practical matter this is the only means by whch the vendees can acquire from the vendor a title unencumbered by such mortgage. The order of dismissal has the effect, however, of depriving the plaintiffs of the benefit of the final judgment because of their failure to do that which the court had not expressly directed them to do and which was clearly a contractual obligation of the defendant vendor. In view of the plaintiffs’ off[er] to perform instanter upon the court’s clarifying the intent of the amended final judgment, it is our view that the court abused its discretion in entering the order of dismissal.”
*559 The District Court remanded the cause to the trial court, which was directed to enter an order giving the purchasers “a reasonable time to satisfy the outstanding Home Federal mortgage on the property, and otherwise fully comply with the conditions set forth in the amended final judgment so as to entitle them to a conveyance, failing which the court may then in its discretion enter a dismissal order similar to the one here appealed.”
The cases cited by Petitioner and by the majority of this Court in its Opinion are not in conflict with this decision of the Fourth District Court of Appeal; they do not deal with the issue raised by the case sub judice, i. e., whether the trial judge abused his discretion when, after granting the purchasers’ request for specific performance of the contract, he dismissed the action after the purchasers failed to discharge the pre-existing mortgage.
In Chabot v. Winter Park Co., supra, a seller and buyer contracted in 1885 to sell and purchase a certain lot for $100 down with the balance of $150 due in a year. The balance was not paid when it became due, and on June 14, 1888, the seller sent the purchaser a registered letter which stated that “if the balance due, as shown on the statement, is not fully paid by or before July 20, 1888, the aforesaid agreement will be null and void. . . .” Although it was received, the letter was never acknowledged by the purchaser. On July 20, 1888, the seller sold the lot to a third party. On November 16, 1889, sixteen months later, the purchaser tendered the amount due and demanded a deed. The seller refused and the purchaser filed a suit seeking specific performance. The trial court dismissed the action. This Court upheld the dismissal on two grounds: (1) that the time limitation imposed by the seller on the buyer was reasonable “under all the circumstances of the case,” and (2) that the purchaser did not file the action within a reasonable time.
Because this Court in Chabot, called reasonable thirty-six days’ notice to the buyer to comply with the contract to purchase or lose all rights under it, Petitioner contends the trial court in this case acted within its discretion in dismissing the action when Respondents did not satisfy the Home Federal mortgage within the time limits set forth in the final judgment and the amended final judgment. The dismissal order was entered seventy days after the entry of the final judgment, which had a thirty-day time limit in which to comply with its mandate, and fourteen days following the entry of the amended final judgment, which set a seven-day time limit for compliance. In reversing the trial judge’s dismissal order, the District Court, according to Petitioner, rendered a decision in conflict with Chabot.
Such a position is untenable. Whether or not the trial judge’s time limitation was reasonable is immaterial to the District Court’s decision. It seems clear that court reversed the trial court’s dismissal order because it was an unreasonable abuse of discretion in light of the amended final judgment’s ambiguous statement regarding Respondents’ duty to discharge the mortgage. There is nothing in the record to show this decision conflicts with Chabot. Furthermore, I feel the District Court decision is correct. That the judgment was ambiguous is obvious. It does not order Respondents to immediately discharge the mortgage; in fact, it implies immediate payment need not be made. That, and the fact Respondents attempted to comply with the order by tendering into the court’s registry $84,073.71 and a promissory note and purchase money mortgage in the amount of $210,000, and offered at the hearing on the motion to dismiss to immediately discharge the mortgage if so instructed by the trial court, supports the District Court’s conclusion that the trial court abused its discretion in entering the dismissal order.
The remaining three cases cited for conflict, Daubmyre v. Hunter, Orlando Realty Board Building Corp. v. Hilpert, and Greenfield v. Bland, all supra, also are not at odds with the District Court’s deci *560 sion in this case. They merely state the rule that “the enforcement of a specific execution of a contract is not a matter of right in either party, but . . . it is a matter of sound discretion in the court and should be granted only in cases where such decree would be strictly equitable. . . . ” Orlando Realty Board Building Corp. v. Hilpert, 113 So. at 101.
In sum, it appears the District Court in correcting what the record below disclosed to be a patent abuse of discretion, created no conflict. It lay within its appellate province to correct the abuse and we have no constitutional authority to interfere.
Looking to the merits, the equities of the case lie with Respondents, the purchasers. The vendors created the problem by contracting to sell unencumbered property but on which the purchasers discovered there was a $150,000 mortgage. When the purchasers had to resort to a specific performance action to enforce the contract there was involved, of course, the mechanics of how to clear the mortgage. Merely because purchasers sought to obtain a clarification from the trial judge as to an obvious ambiguity in his order concerning when and how the $150,000 mortgage was to be satisfied by them, he summarily decreed they had not complied with the order’s deadline and dismissed their action although they agreed to satisfy the mortgage instanter according to his interpretation of his order. This was clearly an abuse inasmuch as purchasers were reasonably seeking clarification of the order — and, after all, vendors had created the problem in the first place by purporting to sell unencumbered property and had agreed the “title [could be taken by purchasers] in its existing condition.”
This rigid, unremitting application of the seven days’ grace order which denied purchasers the benefit of their contractual bargain merely because they sought a clarification, cried out for appellate correction to relieve against the harshness of the trial court’s summary action. We have no equitable basis upon which to intervene in this case where the equities so clearly lie with the purchasers.
I would discharge the writ as having been improvidently granted.
CREWS, Circuit Judge, concurs.