PER CURIAM.
, Appellant was charged in six counts with violating his probation. At the conclusion of the hearing on said charges on June 11, 1979, the trial judge announced that he found from the proof adduced that appellant had violated the condition of probation set out in Paragraph I of each of the affidavits and warrants in that appellant failed to submit monthly reports from April through December 1978, in violation of Condition # 2 of his probation orders. However, the Order of Revocation of Probation, entered on August 13,1979, found the appellant had violated his probation as alleged in all six counts of the affidavits.
Appellant contends the trial court was incorrect in its written order and the State concedes the mistake. A review of the transcript of the probation violation hearing supports this concession. It is apparent that in reducing the order to writing some eight weeks later the trial court overlooked his limited findings at the hearing. This case is not unlike Gadson v. State, 368 So.2d 429 (Fla.2d DCA 1979), wherein much the same oversight took place.
Appellant also attacks the finding that he violated Condition # 2 requiring him to submit monthly reports. There is no merit to appellant’s contention in this regard. There was direct evidence of this violation corroborated by testimony of an admission by appellant.
Accordingly, the judgment and sentence appealed from are affirmed, but the cause is remanded with directions to strike from the two orders dated August 13, 1979, revoking appellant’s probation, the findings that appellant violated Conditions # 4 and # 9.
AFFIRMED AND REMANDED with directions.
DOWNEY, C. J., and ANSTEAD and HERSEY, JJ., concur.