NESBITT, Judge.
The defendant appeals from a written order of modification of probation entered on February 7,1980. Defendant pled guilty to grand theft and was placed on eighteen months probation to be completed on August 26, 1979. However, six days prior to the termination of probation, an affidavit of probation violation was filed charging the defendant with failure to pay costs of supervision and failure to pay restitution. After a hearing at which the defendant was not represented by counsel, on September 18, 1979 the court modified the defendant’s probation by extending it for six months. On January 3, 1980, during this extended term of probation, a second affidavit of probation violation was filed. At the conclusion of the revocation hearing on February 7, 1980, the judge made limited and specific findings of violations. However, in his written order of revocation, additional violations were cited. The defendant contends that it was error to provide grounds for revocation of probation in the written order additional to those grounds stated at the hearing. He also contends that the court erred in not providing counsel at the first revocation hearing.
As to the first claim, we agree that the portions of the order finding the defendant guilty of violations upon which the court had not made specific limited findings of violation of probation were error. Clemons v. State, 338 So.2d 639 (Fla.2d DCA 1980); Burton v. State, 382 So.2d 835 (Fla. 4th DCA 1980). Consequently, all findings of probation violations in the written order of February 7, 1980 other than condition 2, failure to file probation reports, and condition 7, failure to communicate with his probation officer, are vacated.
We cannot reach the defendant’s contention concerning the court’s failure to afford counsel at the first revocation hearing because the order was not timely appealed. Perky v. Perky, 116 Fla. 117, 156 So. 308 (1934); Rodriguez v. Meeks, 260 So.2d 241 (Fla.2d DCA 1972). While an appeal was expressly authorized under Florida Rule of Appellate Procedure 9.140(b)(1)(C), the defendant failed to appeal the September 18, 1979 order within the time prescribed by Florida Rule of Appellate Procedure 9.140(b)(2). Instead, he appealed both orders within the time permitted to file an appeal as to the second *507 order only. The affirmance of the instant probation order, as modified, is without prejudice to the defendant’s rights pursuant to Florida Rule of Criminal Procedure 3.850.
As modified, the order of revocation appealed from is affirmed.