583 So.2d 369 (1991)
Earl Dawson HUNTER, Appellant,
v.
STATE of Florida, Appellee.
No. 89-02286.
District Court of Appeal of Florida, Second District.
July 5, 1991.
*370 Lanette M. Green, Tampa, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Nancy Ryan, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
In this case the appellant insisted upon the unusual procedure of pleading nolo contendere to drug charges "reserving the right to make a motion to suppress." His plea was accepted and community control was imposed May 18, 1989, but the motion was not argued until July 21, and notice of appeal was not filed until August 11.
Without question the appeal is untimely if taken from judgment and sentence. Fla.R.App.P. 9.140(b)(2). The question thus arises whether the July 21 order is of an appealable nature. This court previously declined to dismiss the appeal upon motion by the state, preferring to resolve the matter after full briefing by the parties.
Appellant has argued that appeal is authorized by Florida Rule of Appellate Procedure 9.140(b)(1)(C), which speaks of "orders entered after final judgment." However, a review of case law construing this provision convinces us that the drafters contemplated only matters which normally would arise post-judgment. See, e.g., Harringer v. State, 566 So.2d 893 (Fla. 4th DCA 1990) (motion to set aside adjudication of insanity); Thompson v. Crawford, 479 So.2d 169 (Fla. 3d DCA 1985) (order vacating judgment of acquittal); Prado-Gonzalez v. State, 468 So.2d 991 (Fla. 4th DCA 1985) (denial of motion for postconviction relief after evidentiary hearing); Parrish v. State, 406 So.2d 505 (Fla. 3d DCA 1981) (modification of probation). The unorthodox sequence of events followed in the present case is not contemplated by any rule of procedure.
An argument perhaps could be made that the trial court, by entertaining appellant's belated motion to suppress, effectively agreed to consider vacating the prior judgment if appellant could demonstrate that an unlawful search had occurred. However, postconviction proceedings are limited to collateral matters, and not issues which could have been litigated prior to judgment (and thereafter, on plenary appeal). Spencer v. State, 389 So.2d 652 (Fla. 1st DCA 1980). In other words, appellant normally would be foreclosed from raising his Fourth Amendment issue via Florida Rule of Criminal Procedure 3.850.
This court has also recognized the possibility of collateral relief where the defendant was misled about his appellate rights in connection with a plea. Helms v. State, 573 So.2d 116 (Fla. 2d DCA 1991). However, the record before us indicates that the trial judge, before taking the plea, offered appellant additional time so his lawyer could "talk to all the witnesses, file appropriate motions, and have a jury trial if necessary." Appellant indicated he preferred "to get it over with." While we do not foreclose the possibility of appellant later establishing that he relied on poor advice, this exchange at least suggests appellant appreciated the risk he was taking by pleading when he did.
Finally, and fatally, the motion to suppress was denied orally on the record, but not by written order. This court would therefore lack jurisdiction even if the ruling somehow could be pigeonholed within rule 9.140(b)(2). Billie v. State, 473 So.2d 34 (Fla. 2d DCA 1985).
Appeal dismissed.
SCHEB, A.C.J., and RYDER and PATTERSON, JJ., concur.