KLEIN, Judge.
Petitioner was charged, as a result of a single traffic stop, in three separate cases: (1) unauthorized possession of a driver’s license and driving with a suspended license (circuit court); (2) driving with a suspended license (traffic court); and (3) obstruction of justice with disguise (county court). The traffic court and county court cases were consolidated and resolved by a guilty plea; however, the state subsequently moved to vacate that plea on the ground that the circuit court had exclusive subject matter jurisdiction over misdemeanors which arise out of the same circumstances as a felony which is also charged. See § 26.012(2)(d), Fla. Stat. (1995). The county court granted that motion and vacated the plea, which the defendant appealed to the circuit court. The circuit court dismissed the appeal on the ground that the order was not appealable, and petitioner seeks certiorari review of the order dismissing his appeal.
*608 Petitioner argues that the county court improperly vacated his plea, and that the dismissal of the appeal from that order prevents him from raising a double jeopardy challenge to the remaining charges.
Our certiorari review of a circuit court appellate decision is limited to determining whether the circuit court afforded the parties procedural due process and observed the essential requirements of law. Haines City Community Dev. v. Heggs, 658 So.2d 523 (Fla.1995).
When a criminal appeal is improperly dismissed, it is a violation of due process. Hamilton v. State, 573 So.2d 109 (Fla. 4th DCA 1991) (premature dismissal of appeal from misdemeanor conviction). See also Ford v. State, 575 So.2d 1335 (Fla. 1st DCA); rev. denied, 581 So.2d 1310 (Fla.1991). We therefore have certiorari jurisdiction.
The appealability of the order from which the appeal was taken is governed by Florida Rule of Appellate Procedure 9.140(b)(1)(C), which provides that a defendant can appeal “orders entered after final judgment or finding of guilt, including orders revoking or modifying probation.” The order entered by the county court in this case vacating petitioner’s conviction is, in our opinion, precisely the type of order contemplated by the rule. See Harringer v. State, 566 So.2d 893 (Fla. 4th DCA 1990); Hunter v. State, 583 So.2d 369 (Fla. 2d DCA 1991). We therefore grant certiorari and quash the order dismissing the appeal.
FARMER, J., concurs.
SHAHOOD, J., dissents with opinion.